ANDRUS v. HARRIS.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. SLANDER—GROUNDS OF MITIGATION—PROVOCATION.

Facts which may be considered a provocation for a slanderous utterance constitute a valid defense in mitigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 164.]

2. SAME.

Facts which may not be considered a provocation, and which are not shown to have been brought to the knowledge of the slanderer before the slanderous utterance, do not constitute a valid defense in mitigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 162–164.]

Kellogg, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by Charles B. Andrus againt John C. Harris. From an interlocutory judgment overruling plaintiff's demurrer to the third and fifth separate defenses set up in the amended answer, plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Wm. S. Ostrander, for appellant.

Rockwood & Salisbury, for respondent.

PER CURIAM. In our opinion the third defense is good as a partial defense, as it alleges facts which may be considered a provoca-

tion for the utterance claimed to be slanderous. The fifth defense is not good, because the matters alleged are neither matters of provocation, nor are they shown to have been brought to the knowledge of the defendant before the utterance alleged to be slanderous. Judgment should therefore be modified, so as to sustain plaintiff's demurrer to the fifth defense, with leave to amend upon payment of costs of the demurrer. Only one bill of costs, however, is to be charged the defendant for the privilege of amending, if the defendant shall avail himself of the right to amend the second and fourth defenses under the privilege granted him in the original judgment. As thus modified, the interlocutory judgment is affirmed, without costs of this appeal.

Interlocutory judgment modified as per opinion, and, as so modified, affirmed, without costs of appeal. All concur, except KELLOGG, J., who considers the fifth defense proper in mitigation.